UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TRACYLYNN KIBLIN,

    Plaintiff,

v.                                Case No. 8:12-cv-1477-T-33TGW

CAROLYN W. COLVIN, Acting
Commissioner of the United
States Social Security
Administration,

    Defendant.
_____/

**ORDER**

This matter is before the Court on consideration of the Unopposed Amended Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) filed on November 17, 2014, by counsel for the Plaintiff. (Doc. # 26). The Commissioner does not oppose the relief sought in the Petition. For the reasons that follow, the Court grants the requested award of attorney fees.

**I.  Background**

Plaintiff initiated this action on July 2, 2012, seeking review of a decision of the Commissioner denying Social Security benefits. (Doc. # 1). On February 13, 2013, the Commissioner filed an unopposed motion to remand, requesting that the case be remanded under sentence four of 42 U.S.C. §

405(g) to the Commissioner for further action. (Doc. # 15). Accordingly, on February 13, 2013, this Court entered an Order reversing and remanding Plaintiff's case for further proceedings. (Doc. # 16). Plaintiff petitioned for an award of attorney fees under the Equal Access for Justice Act (EAJA), 28 U.S.C. § 2412 (Doc. # 17), which was granted on April 19, 2013 (Doc. # 19).

After the remand, Plaintiff received an award of Social Security benefits by an Administrative Law Judge (ALJ) on May 14, 2014. (Doc. # 26 at 2). Following the issuance of the ALJ's favorable decision, Plaintiff explains:

> The Social Security Administration [SSA] processed the favorable determination and issued a letter to Plaintiff setting forth the total amount of past due benefits. Multiple Notices of Award were issued in this case. The most recent SSI and SSDI Notices of Award indicate that the total amount withheld for attorneys **for both the SSI and the SSDI claim** is $10,581.92 (25% of past due benefits, which total over $42,437).

(Id.) (emphasis in original). From the amount withheld, $6,000 has already been paid to Plaintiff's counsel, Marjorie Schmoyer, for her work at the administrative level in accordance with 42 U.S.C. § 406(a) (Id.). Accordingly, Plaintiff's counsel, Marjorie Schmoyer and Chantal Harrington, jointly seek the remainder ($4,581.92) of the 25% as compensation for their work in federal court.

2

**II. Discussion**

"Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and at court, are governed by prescriptions Congress originated in 1965." Gisbrecht v. Barnhart, 535 U.S. 789, 793 (2002) (citing 42 U.S.C. § 406). "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." Id. at 794.

The Supreme Court has explained the operation of § 406(b) as follows:

> For proceedings in court, Congress provided for fees on rendition of "a judgment favorable to a claimant." The Commissioner has interpreted § 406(b) to "prohibit a lawyer from charging fees when there is no award of back benefits."
> As part of its judgment, a court may allow "a reasonable fee . . . not in excess of 25 percent of the . . . past-due benefits" awarded to the claimant. The fee is payable "out of, and not in addition to, the amount of the past-due benefits."
>
> \* \* \*
>
> [Section] 406(b) does not displace contingent-fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are

3

> unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.
>
> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case. . . . If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order.

Id. at 795, 807-08 (internal citations omitted).

The Eleventh Circuit has held that "42 U.S.C. § 406(b) authorizes an award of attorney[ ] fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits." Bergen v. Comm'r of Soc. Sec., 454 F.3d 1273, 1277 (11th Cir. 2006).

Furthermore, as for cases in which EAJA fees have been awarded to counsel before counsel seeks an award of fees under § 406(b), the Eleventh Circuit has noted that "the Supreme Court concluded that Congress harmonized awards for attorney's fees under the EAJA with awards under § 406(b) by requiring the claimant's attorney 'to refun[d] to the

4

claimant the amount of the smaller fee.'" Id. (quoting Gisbrecht, 535 U.S. at 796).[1]

In this case, Plaintiff's counsel's requested award does not exceed the statutory cap imposed by Congress. Furthermore, there is no indication of any delay in this matter attributable to Plaintiff's counsel that would warrant a reduction in the requested fee and, notably, the Commissioner does not oppose the requested award as unreasonable. Thus, in accordance with many other courts within the Eleventh Circuit, the Court finds Plaintiff's counsel's requested fee of $4,581.92 to be reasonable. See, e.g., Wysocki v. Comm'r of Soc. Sec., No. 6:06-cv-255-ORL-KRS, 2008 WL 1897601 (M.D. Fla. Apr. 28, 2008) (awarding $50,548.50, representing 25% of the accrued benefits awarded to plaintiff ($57,329.75) less EAJA fees previously awarded); Watterson v. Astrue, No. 3:06-cv-369-J-HTS, 2008 WL 783634, at *1 n.2 (M.D. Fla. Mar. 21, 2008) (awarding $28,767.10, equal to 25% of plaintiff's total award of benefits, and instructing that previously-awarded EAJA fees be refunded to

---

[1] Counsel for Plaintiff indicate in the present Motion that EAJA fees were requested and awarded in this case. (Doc. # 26 at 2). However, "all the fees were taken by the federal government to pay the client's debt." (Id.; see Doc. # 26-5). Therefore, the Court finds that no reimbursement is required.

5

plaintiff). The Court therefore grants Plaintiff's Unopposed Amended Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b).

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiff's Unopposed Amended Petition for Award of Attorney Fees Under 42 U.S.C. § 406(b) (Doc. # 26) is **GRANTED.**

(2) The Court awards Plaintiff's counsel $4,581.92 in attorney fees under 42 U.S.C. § 406(b).

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of November, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

6